ENTERED
03/23/2017

March 22, 2017 Lis Pendens Arbitration before Barbara Radnofsky in Case No. 01-23337-C-11 IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION; In re Southwest Ranching Inc, Debtor

**ARBITRATION DECISION on Lis Pendens, March 22, 2017 Hearing pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")**

### Procedural History (Oct. 2016-March 22 2017)

1. This Arbitrator was appointed on October 17, 2016. Each of the parties and counsel timely made appearances (Colonel Clifford [Cliff] Hoskins; Leonard [Len] K. Hoskins; Marcus Rogers, Receiver; David Ylitalo, counsel for Leonard Hoskins; Glen Yale, counsel for Receiver; Jim Hartnett, Jr., counsel for Receiver; Michael Sartori, counsel for Colonel Clifton Hoskins as Independent Executor of the Estate of Hazel Q. Hoskins, deceased; Deborah Williamson, David Kinder, Mark Barrera and Melanie Frye, counsel for Colonel Clifton Hoskins individually). On October 19, 2016, this Arbitrator ruled the Arbitration Active, any prior abatement over. For purpose of accomplishing the threshold goals of the Courts' Orders, the Receiver was ruled at that point in time not authorized by this Arbitrator to file or otherwise pursue litigation, and, on October 25, 2016, every party, lawyer and interested person in this Arbitration agreed to stand down and take no further action, with agreed limited exceptions, awaiting outcome of this Arbitration. On November 1, 2016, per Agreement and Docket Control Order, the Arbitration was set with every current party/counsel's agreement, for a two day hearing January 10-11, 2017.

2. This Arbitrator further ruled that discovery and subject matter was to be and remained limited to (as discussed at a Hearing of November 1, 2016) the threshold issues as presented by Judge Isgur in his three orders of October 17, 2016: "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243).

3. Prior to commencement of the January 10-11, 2017 Arbitration Hearing, the Parties engaged in discovery. Each party and counsel signed an "Arbitration Agreement and Rules" agreeing the Arbitration was governed by Texas Law, including the Texas Arbitration Act, and, in the event of conflict, the US Bankruptcy Court for the Southern District of Texas presiding over Case No. 01-23337-C-11 has exclusive jurisdiction to

Page 1 of 3

ARBITRATION pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")

confirm or vacate any award or other ruling by the Arbitrator. All parties and counsel agreed to no record and requested none, per Agreement language and at the beginning of the Arbitration Hearing on January 10-11, 2017, which Hearing was conducted and concluded in San Antonio Texas, with a set period for post submission briefing.

4. The Parties further agreed in the "Arbitration Agreement and Rules" as follows: "the Arbitrator's Decision shall consist only of a written statement signed by the Arbitrator regarding the disposition of the parties' claims. The parties agree that the Decision need not contain any written statement of the reasons for the Decision."

5. After post-trial briefings, the Arbitrator issued her written Arbitration Ruling on January 24, 2017 (ECF 253); with Certification/Notice (ECF 254) issued January 26, 2017.

6. The Parties sought additional Relief, commencing two more Arbitrations pursuant to the broad grant of authority from Judge Isgur, including this Arbitration on Lis Pendens and another, pending Arbitration with Regard to the Federal Court's Permanent Injunction and the Receiver, appointed by this Arbitrator's predecessor.

7. The parties filed additional materials at the request of the Arbitrator and held a telephonic hearing on March 22, 2017 on both Arbitrations. All parties were represented by counsel of record.

8. This Order addresses the Lis Pendens issues, including the "Motion of Cliff Hoskins To Expunge Lis Pendens," which Lis Pendens was filed by Len Hoskins, and all responsive pleadings and arguments.

## ARBITRATOR'S DECISION ON LIS PENDENS

1. The Motion of Cliff Hoskins to Expunge Lis Pendens filed by Len Hoskins is granted. Counsel for Cliff Hoskins will take the lead in drafting the proper documents for filing to accomplish the expungement, for signature by Len Hoskins. If the parties cannot agree on a form, they should return to this Arbitrator with their proposed forms and rationale no later than Friday. March 24, 2017.

ARBITRATION pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")

2. Until the parties and the Federal Court receive the Arbitrator's decision on the remaining matters (including Arbitration decision regarding Permanent Injunction, Receiver and Related Matters), and that decision becomes final, no Party shall attempt to or achieve change in ownership or encumbrance or transfer of the property in question.

3. All parties will act with dispatch to achieve the expungement and immediately notify the Arbitrator of the successful accomplishment of filing the appropriate documents.

Signed this 22 day of March, 2017

_____
BARBARA RADNOFSKY, Arbitrator

ARBITRATION pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")