United States Courts
Southern District of Texas
FILED

APR 1 2 2017

David J. Bradley, Clerk of Court

**ARBITRATOR'S Final Decision and Orders Dissolving Federal Permanent Injunction, Dismissing Federal Receiver Rogers and Ruling on various applications for Relief and for Clarification concerning the Federal Court's Permanent Injunction (Dckt #48 entered October 18, 2002) and concerning Federal Receiver appointed by this Arbitrator's Predecessor in Case No. 01-23337-C-11 IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION; In re Southwest Ranching Inc, Debtor, pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")**

## Procedural History

1. This Arbitrator was appointed on October 17, 2016. Each of the parties and counsel timely made appearances (Colonel Clifford [Cliff] Hoskins; Leonard [Len] K. Hoskins; Marcus Rogers, Receiver; David Ylitalo, counsel for Leonard Hoskins; Glen Yale, counsel for Receiver; Jim Hartnett, Jr., counsel for Receiver; Michael Sartori, counsel for Colonel Clifton Hoskins as Independent Executor of the Estate of Hazel Q. Hoskins, deceased; Deborah Williamson, David Kinder, Mark Barrera and Melanie Frye, counsel for Colonel Clifton Hoskins individually). On October 19, 2016, this Arbitrator ruled the Arbitration Active, any prior abatement over. For purpose of accomplishing the threshold goals of the Courts' Orders, the Receiver was ruled at that point in time not authorized by this Arbitrator to file or otherwise pursue litigation, and, on October 25, 2016, every party, lawyer and interested person in this Arbitration agreed to stand down and take no further action, with agreed limited exceptions, awaiting outcome of this Arbitration. On November 1, 2016, per Agreement and Docket Control Order, the Arbitration was set with every current party/counsel's agreement, for a two day hearing January 10-11, 2017.

2. This Arbitrator further ruled that discovery and subject matter was to be and remained limited to (as discussed at a Hearing of November 1, 2016) the threshold issues as presented by Judge Isgur in his three orders of October 17, 2016: "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243).

3. Prior to commencement of the January 10-11, 2017 Arbitration Hearing, the Parties engaged in discovery. Each party and counsel signed an "Arbitration Agreement and

Page 1 of 4

Rules" agreeing the Arbitration was governed by Texas Law, including the Texas Arbitration Act, and, in the event of conflict, the US Bankruptcy Court for the Southern District of Texas presiding over Case No. 01-23337-C-11 has exclusive jurisdiction to confirm or vacate any award or other ruling by the Arbitrator (meaning Arbitrator Radnofsky). All parties and counsel agreed to no record and requested none, per Agreement language and at the beginning of the Arbitration Hearing on January 10-11, 2017, which Hearing was conducted and concluded in San Antonio Texas, with a set period for post submission briefing.

4.  The Parties further agreed in the "Arbitration Agreement and Rules" as follows: "the Arbitrator's Decision shall consist only of a written statement signed by the Arbitrator regarding the disposition of the parties' claims. The parties agree that the Decision need not contain any written statement of the reasons for the Decision."

5.  After post-trial briefings, the Arbitrator issued her written Arbitration Ruling on January 24, 2017 (ECF 253); with Certification/Notice (ECF 254) accomplished January 26, 2017. Those Rulings and listed duties of the Parties and Counsel remain in effect, particularly including providing notice to the Federal Court of any change in status, eg incapacity or death of the Arbitrator.

6.  The Parties sought additional Relief, commencing two more Arbitrations pursuant to the broad grant of authority from Judge Isgur, including an Arbitration on Lis Pendens and this Arbitration with Regard to the Federal Court's Permanent Injunction, the Receiver, appointed by this Arbitrator's predecessor, and related matters.

7.  The parties filed additional materials at the request of the Arbitrator and held a telephonic hearing on March 22, 2017 on both Arbitrations. All parties were represented by counsel of record. An Order dated March 22, 2017 addressed the Lis Pendens issues, granting the "Motion of Cliff Hoskins To Expunge Lis Pendens," which Lis Pendens was filed by Len Hoskins. That Order further required no change in ownership, encumbrance or transfer of the property in question, requesting all parties report back immediately to this Arbitrator on accomplishment of the expungement. The Parties reported back that Agreement was reached on the Expungement filings and no further Order of the Arbitrator was required.

8.  At the time of the Order on Expungement, the Arbitrator advised the parties that a separate Order would address remaining issues before her, including the Applications, responses and Arguments regarding the Federal Court's Permanent Injunction (Dckt. # 48) entered October 18, 2002; the Receiver appointed by this Arbitrator's Predecessor; and the requests and arguments made during the March 22 Arbitration hearing, considering the briefing, issues, evidence, and arguments raised on history of the case, law and facts presented in the first Arbitration heard in San Antonio in January 2017.

Several additional issues were joined before the April 7, Final Arbitration Hearing for these proceedings, all resultant from the three "Orders appointing Arbitrator," Nos. 243, 244 and 245.

DECISIONS, RULINGS AND ORDERS of APRIL 12, 2017.

9. The Federal Receiver Marcus Rogers is discharged, which discharge will take effect 10 days from entry of this Order. This Order does not prevent and does not bar the Receiver in any way from continuing his work under the supervision of the Probate Court as the State Court Receiver. All appointments, responsibilities and grants of authority from the Federal Arbitrator and Federal Court to Receiver Rogers are withdrawn, effective 10 days from entry of this Order. Counsel for Federal Receiver confirmed that no claims are pending against the Bond of Receiver Marcus Rogers as Federal Receiver, and indeed none were ever made. Upon his discharge as the Federal Receiver Marcus Rogers is also discharged as principal on his Federal Receiver bond, and the sureties on the bond of the Federal Receiver are discharged.

10. Determination of fees and expenses owed to Marcus Rogers as Federal Receiver, if any, and the reimbursement, if any, owed to Len Hoskins for his partial payment of fees to and expenses of Marcus Rogers, acting as Federal Receiver, shall be decided by the Probate Court.

11. The Arbitrator DECLINES to Arbitrate the issues raised by Len Hoskins regarding Cliff Hoskins' collection efforts, turnover application, or Cliff Hoskins' award of attorneys fees and costs from winning his suit v Len appeal of the arbitration.

12. The Agreed Stand Down Order from this Arbitration of Fall 2016 is dissolved, effective ten days from entry of this Order.

13. Len Hoskins has 30 days from the date of entry of this Order to file his claims in the Probate Court without incurring exposure to new limitations.

ARBITRATION pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")

14. The Federal Arbitrator will prepare her final bill to the parties for this series of Arbitrations and submit that bill to them. The parties shall use good faith and best efforts to pay the bill within ten days of receipt of the bill.

15. The Federal Court's Permanent Injunction (Doc 48) entered October 18, 2002, is dissolved, effective ten days from entry of this Order.

16. This Ruling is not a Ruling on the merits of any issue e.g. Standing, Res Judicata or Limitations, nor is it a ruling on the question of whether any matter may or need be referred by the Probate Court to an Arbitrator of his choice.

Signed this **12** day of **April**, 2017

BARBARA RADNOFSKY, Arbitrator

ARBITRATION pursuant to Three Orders of Hon. Marvin Isgur Nos. 243, 244 and 245 "Orders Appointing Arbitrator" (ECF. No. 245); "Order on Subject Matter Jurisdiction" (ECF. No. 244); and "Order Denying Immediate Relief and Referring Dispute to Arbitration" (ECF No. 243), each signed by Judge Isgur on Oct. 17, 2016. ("3 Rulings of 10.17.16")