IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SOUTHWEST RANCHING, INC. | § | CASE NO. 01-23337-C-11 |
| DEBTOR | § | (CHAPTER 11) |

RECEIVER'S BRIEF IN SUPPORT OF CONFIRMATION
OF THE ARBITRATOR'S AWARD

Marcus P. Rogers, Receiver, files his *Brief in Support of Confirmation of the Arbitration Award*.

## I. BACKGROUND

1. Among other rulings, the Arbitrator ordered the dissolution of the permanent injunction issued by this Court in 2003. The injunction was issued in response to an agreed request by the Parties. At the hearing to consider confirming or vacating the Arbitrator's award, the Court raised three questions:

(1) whether public policy or other law precludes an arbitrator from dissolving a federal court injunction,

(2) whether the Arbitrator's authority was broad enough to include dissolution of the injunction, and

(3) whether the Arbitrator could award relief beyond that requested by one of the Parties.

2. The Court specifically requested that the Parties brief only question #1 because the Court felt comfortable that the answers to questions 2 and 3 would be

1

less elusive.

## II. DOES PUBLIC POLICY OR OTHER LAW PRECLUDE AN ARBITRATOR FROM DISSOLVING A FEDERAL COURT INJUNCTION?

**A.   No cases appear to discuss whether public policy precludes an arbitrator from dissolving a federal court injunction.**

3.    The Court specifically asked the Parties to search for cases discussing whether public policy or other law prevented the Court or the parties from delegating to an arbitrator the determination of the dissolution of the permanent injunction. Receiver has found no cases discussing such a limitation on delegation. However, as set forth below, Receiver located a number of cases that acknowledge that arbitrators have the power to modify or dissolve federal court-issued injunctions and in, some cases, delegate that responsibility to the arbitrator.

**B.   Federal courts have recognized the power of an arbitrator to dissolve a federal court injunction.**

4.    Receiver has found a number of cases where district courts and even the Second Circuit Court of Appeals simply acknowledged that the arbitrator had such authority, with several courts expressly delegating the issue of dissolution of an injunction to the arbitrator. For example, a Texas district court issued a preliminary injunction pending arbitration. The court specified the duration of the preliminary injunction, but added that the arbitrator could dissolve it earlier. In other

words, the court expressly delegated to the arbitrator the power to make the determination whether the injunction should be dissolved:

> The duration of the preliminary injunction is limited to the time period specified in the covenant not to compete. Given the uncontested evidence that June 11, 2001 was the date of Wolfe's termination, *see* Wolfe Br. at 9, the preliminary injunction will therefore expire of its own terms no later than June 11, 2002.[6]
>
> …
>
> 6 The injunction can also be dissolved earlier than that date if an arbitration award so provides.

*A&A Glob. Indus., Inc. v. Wolfe*, CIV.A.3:01CV1515-D, 2001 WL 1388020 at *6 (N.D.Tex. Nov. 6, 2001).

5. Several other federal courts entered preliminary injunctions and then specifically delegated to arbitrators the power to dissolve the injunction. For example:

> The Court's Order shall remain in full force and effect until such time as the Arbitration Panel has an opportunity to review the terms herein. The Arbitration Panel may review, alter, extend the scope of, or dissolve this injunction.

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn*, 191 F.Supp.2d 1346, 1356 (M.D.Fla. 2002), and:

> IT IS FURTHER ORDERED that this injunction shall remain in full force and effect until such time as the arbitration panel which decides this case enters its final decision. The arbitration panel shall have the authority to dissolve this injunction as a part of that decision if it so orders.

*UBS PaineWebber, Inc. v. Aiken*, 197 F.Supp.2d 436, 449 (W.D.N.C. 2002).

6. The Second Circuit implicitly recognized an arbitrator's power to dissolve a court-issued preliminary injunction in *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049 (2d Cir. 1990). In *Blumenthal*, the court considered a case where the arbitrators had dissolved the court-ordered preliminary injunction, and the plaintiff sought to recover on the injunction bond in the district court. The district court denied the motion. The Court reversed the district court and concluded that, because the arbitrators terminated the injunction issued by the district court, the injunction should be considered wrongful. The Court wrote:

> Our holding that the district court had jurisdiction to issue the preliminary injunction does not end our inquiry into the "wrongfulness" of the relief granted. The arbitrators later vacated the injunction, and the next question is whether this disposition of the controversy compels the conclusion that the preliminary injunction was "wrongful." We believe that it does.
>
> * * *
>
> Under these standards, we find that plaintiffs were "wrongfully enjoined" by the district court. In light of the ultimate decision on the merits by the arbitrators, it turned out that Merrill Lynch was not entitled to the injunction it received and that Blumenthal and Fein had at all times the right to do business with their Merrill Lynch clients. The arbitrators "terminated in all respects" the preliminary injunctions…

*Id*. at 1055.

Although the Court did not specifically discuss the authority of arbitrators to dissolve court-ordered injunctions, it is clear from the opinion that the Court did not find the

dissolution objectionable or, more importantly, against public policy.

7.   Another interesting case is *Nexteer Automotive Corp. v. Korea Delphi Automotive Systems Corporation,* No. 13-CV-15189, 2014 WL 562264 (E.D. Mich. Feb. 13, 2014), where the district court recognized that an arbitrator could modify or dissolve any injunction that the court issued in the case.  The district court chose not to entertain the permanent injunction, in part, because the arbitrator could just modify it or dissolve it anyway:

> Were this court to allow Nexteer's claim for permanent injunctive relief to go forward here, the arbitrator would retain the power to modify and reverse any decisions made in this court because by contract, the arbitrator makes the ultimate decision.

*Id*. at *13.

8.   In yet another case, *Morgan Stanley DW, Inc. v. Frisby,* 163 F.Supp.2d 1371 (N.D.Ga. 2001), the court denied a motion for temporary injunction in connection with an NASD arbitration, in part, because arbitrators often dissolve such injunctions:

> Frequently, when brokerage firms do obtain court-ordered injunctive relief, the NASD panels dissolve that relief.  *See*, e.g., *Merrill Lynch v. Arno*, Case No. 95-00176 (Feb. 27, 1995) [exhibit reference omitted].
> . . .
> Similarly, in *Merrill Lynch v. Beal*, NASD Case No. 98–2241 (July 30, 1998) the former brokerage firm obtained a preliminary injunction against three departing brokers from a federal court.  *See Beal*, [exhibit reference omitted].  However, after hearing evidence at an expedited arbitration, a NASD panel dissolved the court-ordered injunction.

*Id.* at 1380-81.

9. Although none of these orders and opinions discussed the policy for allowing arbitrators to dissolve federal court injunctions, each court recognized and implicitly accepted the power of arbitrators to do so.

**C.** **The strong public policy in favor of arbitration suggests that an arbitrator is not precluded from dissolving injunctions.**

10. The arbitration clause in this case[1] is broad. Arbitration clauses are typically considered to be broad if they apply to any dispute "arising from" or "relating to" the parties' contract or relationship. *See* e.g. *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983), where the court concluded the arbitration agreement was "extremely broad" because it required arbitration of "Any controversy or claim arising out of this Agreement or the refusal by either party thereto to perform the whole or any part thereof." In *Necchi S.p.A. v. Necchi Sewing Machine Sales Corp.*, 348 F.2d 693, 695-96 (2d Cir. 1965), the court also found the arbitration clause to be broad where it required arbitration of "All matters, disputes or disagreements arising out of or in connection with this Agreement".

11. The relevant arbitration clause, here, contains the following broad language:

---

[1] Settlement Agreement, "Miscellaneous" Article, Section 7.

6

      (7)    If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to attempt to resolve same by phone conference with the mediator who facilitated this settlement.  If the parties cannot resolve their differences by phone conference, then each agrees to schedule one day of Mediation with the mediator, Marvin Nebrat, or such other person as the court may on application appoint, within thirty (30) days to resolve the disputes and to share the costs of same equally.  In the event the parties are unable to resolve the disputes, then and in that event the parties agree to [sic] that the mediator shall assume the role of arbitrator and shall render a decision which shall be binding on the parties hereto.  Each of the parties agrees to be bound by the decision of the arbitrator, Marvin Nebrat, or such other person as the court may on application appoint, or such other arbitrator as the parties shall mutually agree to use.

    12.    When an arbitration agreement is broad, the arbitrator has a wide latitude to fashion appropriate remedies,[2] including a permanent injunction.[3]  If an arbitrator has the power to issue a permanent injunction that must be confirmed by a court, it seems only logical that an arbitrator has the power to dissolve a permanent injunction previously issued by a court.  The dissolution here also is subject to confirmation by the court.

    13.    Arbitrators have broad power to do justice in fashioning appropriate remedies, and may grant relief that a court would not or could not.  The Texas Arbitration Act specifies that "the fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating

---

[2] *Mogge v. District 8, Int'l Ass'n of Machinists,* 454 F.2d 510, 514 (7th Cir. 1971).
[3] *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 659 (9th Cir. 2012).

or refusing to confirm the award." Tex.Civ.Prac. & Rem. Code §171.090. Although this rule is not expressly stated in the Federal Arbitration Act, federal courts have deemed the broad power of arbitrators to include the ability to award relief that a court could not.[4] Even more so, an arbitrator should be able to award relief that a court can award.

14. Here the Parties had agreed to a permanent injunction and to arbitrate certain future disputes. Once the Parties submitted their issues to arbitration, public policy dictates that the Arbitrator's decisions should be followed, not rejected.

### D. The Bankruptcy Court is not free to craft its own public policy to trump the relief awarded by the Arbitrator.

15. The scope of an arbitrator's authority is broadly interpreted. Any doubt about the proper scope and exercise of an arbitrator's authority must be resolved in favor of the arbitrator.[5] The U.S. Supreme Court has held that there are no non-statutory grounds to vacate an arbitration award (which would include public policy), *Hall Street Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 589–90, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). *Hall Street* has, of course, been followed by the Fifth

---

[4] *Willoughby Roofing & Supply Co. v. Kajima Int'l, Inc.,* 598 F.Supp. 353, 362 (N.D.Ala. 1984), *aff'd,* 776 F.2d 269 (11th Cir. 1985); *Sperry Int'l Trade, Inc. v. Gov't of Israel,* 532 F.Supp. 901, 905 (S.D.N.Y.1982), *aff'd,* 689 F.2d 301 (2d Cir. 1982).
[5] *OMG, L.P. v. Heritage Auctions, Inc.*, 612 F. App'x 207, 209 (5th Cir.), *cert. denied,* 136 S. Ct. 503, 193 L. Ed. 2d 396 (2015).

Circuit.[6]  Similarly, the Texas Supreme Court in *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016), held that there are no non-statutory vacatur grounds under Texas law.

16.  Prior to these seminal cases, vacating an award on public policy grounds could only occur in extraordinary cases where the award clearly violated a carefully articulated, fundamental policy.[7]  That policy had to be "explicit, well-defined, and dominant," not derived "from general considerations of supposed public interests."[8]

17.  Here, given the absence of any well-defined public policy against arbitrators dissolving court-ordered injunctions, and given the multiple courts that have expressly authorized or accepted the practice, it is clear that public policy does not preclude an arbitrator from dissolving the injunction.

## **CONCLUSION**

18.  Public policy favors arbitration, requires almost complete deference to the arbitration process, and mandates that the Court confirm the award and dissolve the injunction.  In the absence of clear expressions of public policy precluding the Court from confirming the award, the Court is not permitted to create its own public

---

[6] "In *Hall Street Associates,* the Supreme Court eliminated all non-statutory grounds for vacating arbitration awards under the Federal Arbitration Act …"  *Campbell Harrison & Dagley, L.L.P. v. Hill*, 782 F.3d 240, 245 (5th Cir.), *cert. denied,* 136 S. Ct. 247, 193 L. Ed. 2d 134 (2015).
[7] *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 992 (9th Cir. 1995).
[8] *Sarofim v. Trust Co. Of The West*, 440 F.3d 213, 219 (5th Cir. 2006); *Weber Aircraft Inc. v. Gen. Warehousemen & Helpers Union Local 767*, 253 F.3d 821, 826 (5th Cir. 2001).

policy. Given that other courts have recognized arbitrators' power to dissolve injunctions, this Court should do so as well.

        Respectfully submitted,

        **THE HARTNETT LAW FIRM**

By:    /s/ *Jim Hartnett, Jr.*
        State Bar No. 09169200

        jim@hartnettlawfirm.com

        2920 N. Pearl Street
        Dallas, Texas 75201
        Telephone (214) 742-4655
        Facsimile (214) 855-7857

        ATTORNEYS FOR MARCUS P. ROGERS, RECEIVER OF THE MARITAL DEDUCTION TRUST AND RESIDUARY TRUST UNDER THE WILL OF L. R. HOSKINS, SR., DECEASED

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 12TH day of July, 2017, a true and correct copy of this *Receiver's Brief in Support of Confirmation of the Arbitration Award* was served on all parties registered to receive notice pursuant to the Court's CM/ECF system.

           */s/ Jim Hartnett, Jr*
           Jim Hartnett, Jr.