

ENTERED
09/22/2017

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SOUTHWEST RANCHING INC | § | CASE NO: 01-23337 |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION

The Court issues this Memorandum Opinion and accompanying Order to resolve competing motions to vacate or confirm the arbitrator's final decision. On June 21, 2017, the Court held oral arguments on the motions. The Court took the matter under advisement on July 12, 2017. The Court now confirms the arbitrator's final decision.

### Background

This case involves a protracted dispute among family members. A thorough history of the dispute is not relevant to the issues presented to the Court at this time. Generally, the dispute arises out of contested probate matters following the death of Cowboy Hopkins. In 2002, the parties, including Cliff and Len Hoskins, entered into a Global Settlement Agreement approved by the Court. Among other things, the Agreement provided for the complete resolution of historic matters and for the arbitration of future disputes arising from the interpretation or performance of the Agreement.

In pertinent part, the Court's Order approving the Agreement states:

1. The Settlement Agreement attached to the motion as Exhibit "A" is hereby approved in all things pursuant to Federal Rule of Bankruptcy Procedure 9019;

2. Debtor is authorized to perform all of the duties and obligations required of it under the terms and conditions of the Settlement Agreement;

> 3. The Court finds that the Parties have requested and agreed to in the Motion and the court therefore Orders a Permanent Injunction prohibiting the instigation of or continuation of any litigation by the Parties against any other Party; the bringing of any lawsuit against any of the other Parties; the bringing of any lawsuit against the accountants, financial advisors, and attorneys of any of the Parties; to refrain from bringing or continuing any litigation without first making application to this Court for authority to bring or continue any suit; and obtaining an order of this Court authorizing the filing or continuation of any such suit on subjects pertaining to the subject matter of this litigation . . . .

(ECF No. 78). Paragraph 7 of the Agreement, which is referenced in the Order, contains a mediation and arbitration clause. This clause is applicable if any disputes arise regarding the interpretation or performance of the Settlement Agreement. (ECF No. 120-1 at 6-7).

In August 2008, the Court referred a dispute between the parties to arbitration pursuant to the Agreement. (ECF No. 186). The Court limited the scope of the arbitration to disputes arising after April 20, 2002. (*Id.*). On April 16, 2013, the arbitrator appointed Marcus Rogers as receiver. Rogers, acting in his capacity as the receiver, is not bound by the permanent injunction contained in the Court's 2002 Order. (ECF No. 219-1 at 7). At some point, the arbitrator who appointed Rogers resigned. Thereafter, Rogers was appointed to be a receiver by the Live Oak County Probate Court. Rogers then commenced litigation that was allegedly inconsistent with the 2002 Agreement. Cliff Hoskins filed a motion requesting the Court issue an order to show cause why Len Hoskins, Marcus Rogers, and their respective attorneys should not be held in contempt for violating the Court's 2002 permanent injunction (ECF No. 198).

On August 18, 2016, the Court issued the Order to show cause. (ECF No. 200). The Court was concerned that Rogers' duties as a receiver appointed by the arbitrator may conflict with his duties as a receiver appointed by the Live Oak County Probate Court. On October 17, 2016, the Court appointed Barbara Radnofsky as successor arbitrator to resolve all disputes

2 / 7

governed by paragraph 7 of the Agreement, including whether actions taken by Len Hoskins or Marcus Rogers constituted violations of the Agreement or permanent injunction. (ECF No. 245).

On April 12, 2017, arbitrator Radnofsky issued a final decision. Paragraph 15 of the final decision states: "The Federal Court's Permanent Injunction entered October 18, 2002[1], is dissolved, effective ten days from entry of this Order." (ECF No. 259 at 4). Paragraph 15 is the only aspect of arbitrator Radnofsky's ruling that Cliff Hoskins seeks to vacate. (ECF No. 260).

The narrow issue presented to the Court today is whether a court-appointed arbitrator has the authority to modify an injunction issued by the appointing court.

## Jurisdiction

A court has jurisdiction to enforce its own orders. *Travelers Indemnity Co. v. Baily*, 557 U.S. 137, 141 (2009). The Court previously determined that it had subject matter jurisdiction to appoint an arbitrator in this case. (ECF No. 244). The present dispute concerns how the Court's 2002 Order should be enforced. As the District Court for the Southern District of Texas stated in its Opinion affirming the Court in this case, "[t]he Bankruptcy Court was to act as a gatekeeper to ensure that the litigation among the parties was terminated with respect to issues falling within the scope of the prior litigation and settlement. This is a matter of the Bankruptcy Court properly enforcing its own judgment." The Court's Order containing the permanent injunction and incorporating the Settlement Agreement containing the arbitration provision is a final Order. The Court retains jurisdiction to enforce its prior Order. *Baker v. Baker (In re Baker)*, 593 F. App'x 416, 417 (5th Cir. 2015) ("A bankruptcy court plainly has jurisdiction to interpret and enforce its own prior orders.").

---

[1] The permanent injunction was first issued on July 1, 2002, and was incorporated in a judgment in Adversary Proceeding 01-2120 at ECF No. 48 on October 18, 2002.

**Analysis**

Cliff Hoskins argues that arbitrator Radnofsky exceeded her authority by dissolving the Court's injunction and thus urges the Court to vacate her award. (ECF No. 274 at 11). Conversely, Len Hoskins claims the Court should confirm the arbitrator's decision, citing the deferential standard courts employ to review arbitration decisions in support of his argument. (ECF No. 273 at 2-3). Although the parties focus on the impact an arbitration decision may have on a court's ruling, both fail to address the main issue: whether the Court itself has power to modify the injunction through arbitration.

*Court's Power to Modify an Injunction*

Courts have continuing jurisdiction to modify or revoke injunctions as changed circumstances may dictate. Even if parties consent to the imposition of an injunction "[t]here is . . . no dispute but that a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances . . . have changed or new ones have risen." *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961). In *Baum v. Blue Moon Ventures*, over a four-year span, a district court expanded the scope of its injunction three times to prevent a party from engaging in abusive litigation. 513 F.3d 181, 186 (5th Cir. 2008). A party challenged the court's sua sponte modification claiming that it was inappropriate for the court to modify the injunction without the consent of the parties. *Id*. at 187. Similar to the parties in *Baum*, both Cliff and Len Hoskins originally consented to the imposition of an injunction to prevent ensuing litigation between the parties. *See Baum*, 513 F.3d at 186; (ECF No. 78). Once the Court created the injunction, it also retained discretion to modify it whether done sua sponte or through a party's motion.

*Arbitrator's Ability to Modify a Court-Ordered Injunction*

An unconfirmed arbitration award lacks the force and effect of a judgment. However, once confirmed, that award has the same force and effect in all respects as a judgment. Tex. Civ. Prac. & Rem. Code § 171.092. Though the process by which a court confirms an arbitral award is limited and does not involve consideration of the merits of the underlying claims, the judgment it produces is of no less value than one obtained through a full adjudication on the merits in court. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 134 (2d Cir. 2015). This principle emphasizes the court's role in giving legal effect to arbitrator's awards. Despite the language in Radnofsky's arbitral award, the award is ineffective to dissolve the injunction. Instead, the dissolution of the injunction would occur only if the award is confirmed by the Court. Accordingly, the dissolution occurs (if at all) only upon confirmation of the award.

Other courts have recognized an arbitrator's authority to terminate court-ordered injunctions. In *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, an arbitration panel terminated a preliminary injunction issued by a federal district court when the panel ruled in favor of the enjoined party. 910 F.2d 1049 (2nd Cir. 1990). In *A&A Glob. Indus., Inc. v. Wolf*, the district court issued a preliminary injunction and referred the case to arbitration. The district court noted that the injunction would expire on its own terms after one year, but that "[t]he injunction can also be dissolved earlier than that date if an arbitration award so provides." 2001 WL 1388020, at *6 n. 6 (N.D. Tex. Nov. 6, 2001); *see also Merrill Lynch v. Dunn*, F. Supp. 2d 1346, 1356 (M.D. Fla. 2002) ("The Arbitration Panel may review, alter, extend the scope of, or dissolve this injunction."); *UBS PaineWebber, Inc. v. Aiken*, 197 F. Supp. 2d 436, 449 (W.D.N.C. 2002) (same).

In *Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp.*, the district court declined to impose an injunction, in part, because the arbitrator "would retain the power to modify and reverse any decisions made in this court because by contract, the arbitrator makes the ultimate decision." 2014 WL 562264 at *13 (E.D. Mich. Feb. 13, 2014). In *Morgan Stanley DW, Inc. v. Frisby*, the court denied a motion to impose a temporary injunction pending arbitration because "frequently, when brokerage firms do obtain court-ordered injunctive relief, the NASD panels dissolve that relief." 163 F. Supp. 2d 1371, 1380 (N.D. Ga. 2001).

At a minimum, these cases demonstrate that, where an injunction is issued by a court to protect a contractual right that is subject to an arbitration clause, an arbitrator's dissolution of the injunction is not per se invalid.

*The Arbitrator's Decision Supports Dissolving the Injunction*

Inasmuch as the Court has power to modify its injunction, it also follows that the Court may decide when to dissolve that injunction. In *Burlington N. & Santa Fe Ry. Co. v. Bhd. of Locomotive Eng'r*, a dispute arose between a rail carrier and a union regarding the use of remote controlled locomotives. 367 F.3d 675, 677-78 (7th Cir. 2004). To avoid a strike, the carrier filed suit in federal district court seeking an injunction pending the outcome of arbitration. After the arbitrator ruled in the carrier's favor, the court dissolved the injunction because the decision rendered the need for an injunction moot. *Burlington N.*, 367F.3d at 678; *see also Prudential Ins. Co. v. Sandvold*, 845 F.Supp.2d 971, 972-73 (D. Minn. 2012) (modifying a temporary injunction into a permanent one after an arbitration panel failed to grant permanent injunctive relief). The carrier argued that the injunction should remain in place because of a continued potential for the union to strike. *Burlington N.*, 367 F.3d at 678. The Seventh Circuit affirmed the district court's ruling, holding that the carrier failed to demonstrate a need to continue the

injunction regarding the issue the carrier had originally filed suit over. *Id*. at 679. The purpose of the injunction was to prevent a strike over the pending issue. *Id*. Once that issue was solved in arbitration, there was no longer a threat of a strike or a need to continue the injunction. *Id*. The carrier's unsubstantiated fears over future "bitterness and resistance to remote control" were inadequate to justify maintaining the injunction. *Id*. at 679-80.

The Court is not and should not be privy to the submissions to the arbitrator. As set forth above, the continuation of an injunction is a matter that may be arbitrated. The breadth of this Court's arbitration order is apparent. Arbitrator Radnofsky was acting within her authority.

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **September 19, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE